# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>vs.<br>ROGELIO TREJO,<br><br>　　　　　Defendant. | CASE NO. 10CR973 WQH<br><br>ORDER |
|---|---|

HAYES, Judge:

The matter before the Court is the motion to dismiss the indictment due to invalid deportation and to stay proceedings pending investigation filed by Defendant Rogelio Trejo. (Doc. # 31).

**FACTS**

On September 17, 1993, Defendant Trejo was charged in a felony complaint with commercial burglary in violation of California Penal Code Section 459. On February 1, 1994, Defendant Trejo was sentenced to a two year prison term for the charge of commercial burglary, a violation of California Penal Code section 459. The Judgment states that the conviction was by "court trial." (Doc. # 32-3).

In 1999, the Government initiated removal proceedings against Defendant Trejo. At the removal hearing, the Immigration Judge told Defendant Trejo that he was not eligible for any relief from deportation because the 1994 commercial burglary conviction was an aggravated felony under Section 1001(a)(43) of the Immigration and Naturalization Act, for which no relief is available. The Immigration Judge explained to Defendant Trejo that by passing the Antiterrorism and Effective Death Penalty Act and the Illegal Immigration Reform

1  and Immigrant Responsibility Act in 1996, Congress removed any discretion the Immigration
2  Judge had to offer a waiver or pardon.  The Immigration Judge informed Defendant Trejo that
3  deportation was automatic.  Defendant Trejo indicated that he would accept the Immigration
4  Judge's decision and was removed from the United States.

## CONTENTIONS OF THE PARTIES

6  Defendant contends that the Court must dismiss the indictment against him on the
7  grounds that his due process rights were violated at his 1999 deportation hearing.  Defendant
8  asserts that he was eligible for relief from deportation under the former section 212(c) of the
9  Immigration and Naturalization Act at the time of his 1999 deportation hearing and that the
10 Immigration Judge failed to advise him of his eligibility for relief.  Defendant asserts that the
11 Supreme Court decision in *INS v. St. Cyr*, 533 U.S. 289, 321-22 (2001) that elimination of
12 relief under 212(c) could not be imposed retroactively to those who would have been eligible
13 for such relief at the time of their decision to enter a plea of guilty applies to him and that he
14 was eligible to apply for 212(c) relief at the time of his 1999 deportation hearing.

15 The Government contends that the retroactive bar in *St. Cyr* has no application in this
16 case because the Defendant went to trial on the 1993 commercial burglary charges.  The
17 Government further contends that discretionary relief was not plausible under 212(c) based
18 upon the Defendant's lengthy criminal record.

## APPLICABLE STANDARD

20 In order to sustain a collateral attack under §1326(d), a defendant must, within
21 constitutional limitations, demonstrate (1) that he exhausted all administrative remedies
22 available to him to appeal his removal order, (2) that the underlying removal proceedings at
23 which the order was issued improperly deprived him of the opportunity for judicial review, and
24 (3) that the entry of the order was fundamentally unfair.  8 U.S.C. § 1326(d); *United States*
25 *v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006).  An underlying removal order is
26 fundamentally unfair if: 1) an alien's due process rights were violated by defects in the
27 underlying proceedings, and 2) he suffered prejudice as a result of the defects.  *United States*
28 *v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004).

# ANALYSIS

In *INS v. St. Cyr*, 533 U.S. 289 (2001), the United States Supreme Court explained that

> IRIRA's elimination of any possibility of § 212(c) relief for people who entered into plea agreements with the expectation that they would be eligible for such relief clearly attaches a new disability, in respect to transactions or considerations already past.... There can be little doubt that, as a general matter, alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions.

*Id.* at 321-22. (internal quotation marks and citations omitted). In this case, Defendant Trejo did not enter a plea of guilty to the 1993 charge of commercial burglary with the expectation that he would be eligible for obtaining a Section 212(c) waiver of inadmissibility. The Judgment indicates that the Defendant was convicted by "court trial." (Doc.# 32-3). The retroactive bar to the elimination of the possibility of obtaining a Section 212(c) waiver of inadmissibility in the 1996 AEDPA does not apply in this case. *See Armendariz-Montoya v. Sonchik*, 291 F.3d 1116, 1122 (9th Cir. 2002) (court concluded that the retroactive bar in *St. Cyr* should not be applied stating "[u]nlike aliens who pleaded guilty, aliens who elected a jury trial cannot plausibly claim that they would have acted differently if they had known about § 440(d)."); *see also United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (defendant "pled not guilty and exercised his right to trial by jury"... "does not come within the exception to the retroactive application of § 440(d) for persons who pled guilty or *nolo contendere* in reliance upon INA 212(c).").

Defendant further moves the Court to stay the proceedings for 60 days to investigate a potential citizenship claim that he was born in Corpus Christi, Texas. The Court has set the trial date to allow the Defendant to complete the investigation into this defense.

IT IS HEREBY ORDERED that the motion (Doc. # 31) to dismiss Indictment due to invalid deportation is denied and the motion to stay proceedings pending investigation is moot.

DATED: August 5, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge